THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* WILLIAM R. OLIVERAS MARTÍNEZ, Defendant and Appellant.

No. CR-65-49.      Decided January 24, 1966.

*Enrique Corchado Juarbe* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Adaljisa Díaz de Collazo, Assistant Solicitor General,* for The People.

JUDGMENT

San Juan, Puerto Rico, January 24, 1967

The evidence in this conviction of voluntary manslaughter was clearly conflicting. That for the prosecution tended to show that appellant, the mother, and two other persons who were accused, attacked the victim, appellant's father and the other codefendant's husband, while he was lying on his back on the ground beside a car which was in a collision. Two witnesses testified that they saw these persons kick the victim while in that position and also that appellant had in his hands an object twelve or fifteen inches long, the nature of which they could not determine, with which he hit the victim. Other evidence for the prosecution shows that appellant stopped a witness and asked him to help appellant take his father to the hospital because they had had an automobile accident and he was hurt.

The evidence for the defense tended to show that there was an automobile accident, a collision, and that the victim was hurt as a result of said collision. It also tended to show that at the hospital he told a nurse that there had been an accident and that he was in state of intoxication.

Although the evidence was conflicting, the jury apparently gave credit to the evidence for the prosecution, which tended to establish the attack, and this Court will not disturb said determination. According to the autopsy the victim died as a result of peritonitis caused by a rupture of the duodenum. The other codefendants, except the appellant, were acquitted by the jury.

However, it appears from the record that the sole instruction given by the judge to the jury in this case in relation to the crime committed was limited to the following: "The Penal Code states that Manslaughter is the unlawful killing of a human being without malice, either express or implied, and without any deliberate intention whatsoever. Man-

slaughter is of two kinds: Voluntary, when it occurs upon a sudden quarrel or heat of passion; and involuntary."

The Code provides that manslaughter is involuntary when it occurs in the commission of an unlawful act, not amounting to felony; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection.

Accepting the existence of the attack as the jury believed it, and the evidence for the prosecution having failed to determine the nature of the object that those witnesses said the appellant had in his hands, it was indispensable that the judge instruct the jury as to the elements of involuntary manslaughter. The absence of such instruction was a prejudicial error, particularly in the circumstances of this case, because of the manner in which the evidence believed by the jury shows the attack was committed, which did not exclude the commission of an illegal act not amounting to felony.

The judgment of conviction of four to eight years in the penitentiary imposed on appellant on July 20, 1964, is reversed and a new trial ordered.

It was so decreed and ordered by this Court as witnesses the signature of the Chief Justice, who like Mr. Justice Rigau, did not intervene.

(s) LUIS NEGRÓN FERNÁNDEZ

*Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Acting Secretary*